IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STATE OF OREGON, ex rel Mary Abrams,
Director of the Department of State Lands,

           Plaintiff,

    v.

OREGON COAST SCENIC RAILROAD,
an Oregon nonprofit corporation, and RICK
FRANKLIN CORPORATION, an Oregon
corporation,

           Defendants.

No. 3:14-cv-00530-AC

OPINION & ORDER

Stephanie M. Parent
Nina R. Englander
Oregon Department of Justice
Special Litigation Unit
1515 SW Fifth Avenue, Ste. 410
Portland, OR 97201

    Attorneys for Plaintiff

/ / /
/ / /
/ / /

1 - OPINION & ORDER

Martin E. Hansen
Francis Hansen & Martin LLP
1148 NW Hill Street
Bend, OR 97701

      Attorney for Defendant OCSR

HERNÁNDEZ, District Judge:

      Plaintiff State of Oregon filed an action in Tillamook County, claiming that Defendants Oregon Coast Scenic Railroad (OCSR) and Rick Franklin Corporation are in violation of ORS § 196.860 for noncompliance of a cease and desist order and violation of ORS § 196.855 for public nuisance. The State also requested a temporary restraining order. Defendant OCSR removed the action to this court, and the State moved to remand the action to state court. Because removal was improper, I grant the State's motion to remand [4].

## BACKGROUND

      Defendant OCSR is nonprofit organization that operates a tourism-related train along the Oregon coast. Compl. Ex. 1 at 1, 3. In March 2012, OCSR signed a lease with the Port of Tillamook Bay for the right to use the track from Enright, Oregon at mile post 810.5 to Industrial Park Yard in Tillamook, Oregon at mile post 859.13. Id. at 2. The lease limits OCSR to "tourism-related train operations[.]" Id. at 3. No freight traffic operates on the portion of track leased by OCSR. Id. at 1, 7. The Port's "rail connection to a mainline carrier" was severed 2007 due to storm damage. Id. at 7.

## STANDARDS

      "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.), Inc., 167 F.3d 1261, 1265 (9th Cir. 1999), overruled on other grounds, Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006). The party seeking removal also has the burden of

showing that it has complied with the procedural requirements for removal.  Schwartz v. FHP Int'l Corp., 947 F. Supp. 1354, 1360 (D. Ariz. 1996).

## DISCUSSION

Defendant OCSR removed the state action based on 28 U.S.C. § 1441(a), stating that this court has original jurisdiction in the matter.  OCSR asserted that jurisdiction is proper because under 28 U.S.C. § 1331, the court has original jurisdiction if a federal question is involved.  The State challenged OCSR's basis for removal, arguing that (1) OCSR cannot remove the action based on a federal preemption defense and that (2) the complete preemption doctrine does not apply.

OCSR does not challenge the State's first argument—that a federal preemption defense cannot serve as a basis for removal.  "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).

Instead, OCSR focuses on the complete preemption doctrine.[1]  "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  Id. at 393.  OCSR argues that complete preemption exists here because under the Interstate Commerce Commission Termination Act (ICCTA), the Surface Transportation Board (STB) has exclusive jurisdiction over transportation by rail carrier.  49 U.S.C. § 10501(a).  Consequently, OCSR would not be subject to the State's permitting or nuisance laws.

---

[1] OCSR also argues that the action should remain in this court because the federal preemption issue is mentioned in the State's complaint.  This argument fails.  As explained in Caterpillar, a case may not be removed even if the federal defense is only "truly at issue."  482 U.S. at 393.

3 - OPINION & ORDER

The complete preemption doctrine has been applied in sparingly. Thus far, the doctrine has been primarily used to bar state actions involving § 301 of the Labor Management Relations Act (LMRA). Caterpillar, 482 U.S. at 393. The doctrine has also been applied to ERISA actions. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987). OCSR argues that complete preemption applies and that the ICCTA should be treated like § 301 of the LMRA and ERISA. In support, OCSR cites to City of Auburn v. United States, 154 F.3d 1025, 1029 (9th Cir. 1998). Although the court in City of Auburn held that the ICCTA preempted state land use and environmental regulations, removal was not at issue, so the court never held that complete preemption doctrine could be applied to the ICCTA. Id. at 1031.

I need not reach the issue of whether the ICCTA completely preempts the State's claims because OCSR has not shown that it would be subject to STB's jurisdiction under the ICCTA. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010). The ICCTA created the STB to have jurisdiction over "transportation by rail carrier" if the transportation is "part of the interstate rail network[.]" 49 U.S.C. § 10501(a).

> (1) [T]he Board has jurisdiction over *transportation by rail carrier* that is--
>    (A) only by railroad; or
>    (B) by railroad and water, when the transportation is under common control, management, or arrangement for a continuous carriage or shipment.
>
> (2) Jurisdiction under paragraph (1) *applies only to transportation in the United States between a place in--*
>    (A) *a State and a place in the same or another State as part of the interstate rail network*;...."

Id. (emphasis added). OCSR has not provided evidence that it is a railroad carrier that operates as part of the interstate rail network, such that it would be subject to STB's jurisdiction. In fact, the evidence, particularly the lease with the Port of Tillamook Bay, supports the opposite.

4 - OPINION & ORDER

The STB has ruled that it does not have jurisdiction over an intrastate tourism-related train. Fun Trains Inc., No. FD 33472 (STB March 5, 1998) (citation omitted), available at http://www.stb.dot.gov/decisions/readingroom.nsf/WEBUNID/8CFEE814F940A303852565A600635C0C?OpenDocument. The STB ruled that it had no jurisdiction over Fun Trains, Inc. because it is a wholly intrastate tourist service, and thus does not provide "transportation by rail carrier" as conceived by the ICCTA.

> [T]he ICC[2] has determined that it had jurisdiction over a railroad lying wholly within one state *if the railroad participates in the movement of passengers from one state to another* under common arrangements with connecting carriers, i.e., by means of through ticketing, *or when the railroad participates in the movement of freight in interstate or foreign commerce*. There is no indication here that Fun Trains' operations will be sufficiently linked to or will be part of interstate commerce. Fun Trains states that it will not participate in through passenger operations or common carrier arrangements with Amtrak and it will not transport freight in interstate commerce.

Id. (emphasis added). Neither the removal notice nor the brief in opposition to the motion to remand establish that OCSR participates in the interstate transportation of passengers or freight.

## CONCLUSION

Based on the foregoing, the State's motion to remand [4] is granted.

IT IS SO ORDERED.

Dated this _____ day of April, 2014.

MARCO A. HERNÁNDEZ
United States District Judge

---

[2] The ICC is the Interstate Commerce Commission, the predecessor to STB. Fun Trains Inc., No. FD 33472 (STB March 5, 1998).

5 - OPINION & ORDER